The third case for argument this morning is Medina v. Allen. It is stock at 25-4099. Counsel please proceed when you're ready. Thank you. Good morning. Salil Doudani for Appellants. Let me start with the basic idea that when a judge in court imposes pretrial detention, that judge needs to hold a hearing. The decision is whether to confine a person to a jail cell away from their children at risk of losing their job, their housing, in a much worse position for their criminal case. Here, the judges in court at the initial appearances are imposing pretrial jailing without holding any hearing at all. That's paragraph 59 of the complaint. They typically just reimpose the pre-existing ex parte bail order without addressing bail. And when they do, it's not a constitutionally adequate hearing. Can I start, I think, with the beginning, for me at least, which is you say that you're not arguing with the Utah statutes or rules. That's correct, Your Honor. You're only arguing against the practice of the judges. And yet, there's a couple places in your original brief. Any burden associated with additional or substitute procedures not present in Utah law would also be minimal. So we want more than Utah law. And then in the reply brief, it says, throughout this litigation, plaintiff would allege that conduct by the judges that fails to implement statutory directives that implement some but not most of the constitutional requirements that apply here, as though there are constitutional requirements beyond Utah law. And so that's what I need right off the bat is, are you arguing that Utah law would be fine if it were met, or are you not? No, Judge Phillips. And I think some of that language is responsive to the framing from the appellees in the lower court focusing on the statutes. But in fact, this case is about the judge's violation of the federal constitution. For example, in court, imposing unaffordable money bill resulting in jailing without conducting any hearing, let alone considering ability to pay and alternatives, let alone making the constitutionally required findings on those issues, plainly required under two separate lines of case law, the Bearden line of case law regarding conditioning liberty on a payment, and the Salerno and Dieter's line of case law regarding what it takes to infringe the fundamental liberty interest in pretrial liberty. So if the Utah law is sufficient, and it's not causing the constitutional problem, can you identify exactly how the judges routinely are violating that? Are you talking about the 24-hour rule, or are you saying that the Utah law requires that at this initial hearing where it's just the magistrate looking at the papers from the jail, that Utah law requires that the defendant be there with counsel as the judge's magistrate's looking at that piece of paper? I'm confused by what the disconnect is between Utah law and what these judges are doing. Can you precisely say, here's what they're not doing, and that's why it's a constitutional violation? If you can, you'll have me back on the roadway. Okay, thank you for giving me the opportunity to clarify. I do just want to say, though, at the top that if the judges are violating the federal constitution, either in the pre-hearing money bill orders that Your Honor alluded to, or at the bail hearing, then what the Utah statutes that may or may not be on the books don't bear on whether we've stated a claim under the federal constitution. But it so happens that Utah statutes do not even purport to require what the constitution requires. No Utah statute says you need to make findings on the record regarding ability to pay and alternatives at a bail hearing. So the Utah statutes are deficient? They neither require nor forbid compliance with the federal constitution. They're neither here nor there. And so I think, let me answer Your Honor's question directly. What is money bill orders and what happens in court, the key are those two lines of cases, Bearden and Salerno. So I'll start with Bearden. The express holding of Bearden is that if a court is going to condition a person's liberty on a payment, that court must first consider and make a finding on the record regarding the person's ability to pay, because that answers the question, well, is this order going to result in the person's detention or not? If it is, the judge can proceed, but the judge must consider whether there are adequate alternatives that will meet the state's interests and make a finding on the record about that. That's dispositive. We plead that's not happening here. The lower court didn't even cite Bearden. The same constitutional principle separately comes from the Salerno line of cases. So Salerno at page 750 announces there exists a fundamental right to pretrial liberty under substantive due process. This court in Dieters, Dieters is this court's only precedential opinion interpreting Salerno's right to pretrial liberty. This court says, of course, yes, it's a fundamental right as the Supreme Court held. That means its infringements are subject to heightened scrutiny. That means there need to be sufficiently compelling reasons to impose an order resulting in pretrial detention. Of course, at the risk of stating the obvious an unaffordable money bill order imposes pretrial jailing because the person can't pay. And the central way of meeting that standard at a hearing is to consider and make findings regarding potential alternatives to detention. Dieters actually models this very well. Dieters was about a pretrial detention order where the trial court considered an outpatient arrangement, considered a halfway house, had a colloquy with defense counsel, and only after ruling out less restrictive alternatives ordered the pretrial detention. That's why it satisfied Salerno. We don't have that here at the bail hearing in court. Now I can address that the pre-hearing period. Because I have the same questions that Judge Phillips does, and I'm not sure that I understand. So my day job, of course, as you know, is a district judge. And I am sensitive to the fact when folks come up to Denver and say, well, the district judge got it all wrong. They didn't consider the issues we were making. But I think a fair reading of your complaint is a challenge to the constitutionality of the statutory framework. I did not read the first time I read your complaint and I read your brief. I did not hear. I did not understand that you were claiming to be challenging the individual judge's actions with respect and they're under the statutes. And so I just, and when I look at your class definition, your class definition isn't consistent with that claim. And so what concerns me is I feel like we're up here talking about an issue that I suspect the district court did not believe that he was considering when he issued his opinion. So that's number one. So I want you to tell me two questions. Number one, very clearly, is your case exclusively about challenging the individual defendant's actions with respect to the statutory framework? I think my answer is yes or no question. Yes, but I would strike with respect to the statutory framework. Okay. So it's just their actions under the statutory scheme? It's their conduct. Okay. Regardless of what, yes. Okay. So if you believed that the district court did not misunderstood your argument and the claims of nature, why didn't you just ask him to reconsider the issue? Your Honor, the district court ruled that there doesn't exist a fundamental right to pretrial liberty. The district court failed to address our ad nauseum Bearden argument. The district court held that procedural due process has nothing to say about these issues. So I don't know that the district court didn't understand our argument. I think whether looking at the statutes or the practices, the district court thought there's nothing wrong here and that that's wrong under Bearden, Dieters, the Sixth Amendment, which I hope we'll get to today. Now, was there any place in the district court's order that it recognized that your complaint as you're describing it now, only about the judge's actions and not about the statute? Because I mean, as I read your brief, that was your main complaint is that the district court didn't recognize, didn't recognize, didn't recognize that your complaint wasn't about the statute. It was about the actions of the judges. And it does seem that there maybe was a fundamental disconnect there. And now I guess what you're arguing is, well, yeah, that wasn't, that was error on the district court's part. But even if it had recognized that we were talking about the judge's actions, it would still have erred because of its rulings regarding, for instance, whether this was a fundamental right. Does that make sense? I understand your Honor's question. Is that your argument now is it erred in so many ways? I think it is important for this court to address the legal confusions, but that's not my argument today. Let me point out that the lower court entertained the argument that HB 2003, a statute that was passed in between our first complaint and our operative complaint, the district court considered the argument, well, the statutes give everything, that statute gives everything plaintiffs want. And it said, well, no, no, actually there's a litany of things plaintiffs need. For example, the things I've listed today that the statute doesn't address. So I think, I think that's a strong indication the district court understood what we were talking about. But it was referring again to the statute, right? But it understood that HB 2003. But now you're saying you're not complaining about the statute even post amendment. This case is about the judge's own conduct. And your Honor's asking me, well, did the lower court understand that? And I think the reasons it gave in overruling the Appellee's mootness argument illustrate an understanding. And we raised this issue. Well, you said it, you said the court indicated that there was, you're still arguing that there's problems with the statute. Well, I'm sorry, I did not mean to address that. Maybe I misunderstood you. I mean, the lower court understood that the statutes don't moot this case. And did it understand that because your complaint is about the judge's actions? Did it express that? That it understood that that didn't moot the case because your complaint isn't about the statute? That, that is my recollection. And I also think in the lower court's dismissal of this case, in the ruling, in the factual background, the lower court, although it gets some important things wrong, understands that we're complaining about the judge's practices. Well, then why didn't your class definition include only those folks who appeared in front of these judges? I think that question gets at a class certification issue that the lower court could address on remand. At any time under Rule 23, the lower court could change the class. But standing here today, if your case was really about the actions of the individual defendants, why wasn't that reflected in the class definition? I think it is. The class, although the class definition doesn't limit the class to the individuals who appeared before the judges, nor is it tied to the statutes in any way. The class definition, to summarize, are indigent arrestees who didn't have the constitutionally required consideration and findings in these counties. Is there anything unusual about these particular judges, other than that they're the defendants? In other words, every judge in Utah in the same position, you'd have the same complaint about? Or are you saying that other judges are honoring what you say is required? I'm not sure, Your Honor. These were the judges who issued the unconstitutional money bail orders regarding the named plaintiffs and were seeking a declaration regarding their conduct. Now, perhaps that will have broader effects in Utah, but they aren't parties to this case. Okay. The Federal Bail Reform Act, you're not contending that a judge who abides that is acting unconstitutionally, right? Right. I think... All right. Tell me the difference then. What is the difference between the Federal Bail Reform Act on pretrial detention for financial ability to pay, and A, the Utah statutes, and B, the way that Utah judges are operating? The Federal Bail Reform Act prohibits a financial condition from resulting in detention. The Federal Bail Reform Act requires... Words. Those are just words. The Soviet constitution prevented inhibition on free speech. We're talking about actions though, right? We're talking about some measure of what you do to protect against the deprivation. The Federal Bail Reform Act requires findings on the record regarding what the least restrictive conditions would be. The Federal Bail Reform Act imposes a clear and convincing evidence standard. Here, the judges are not conducting any hearing at all, very different than what the Federal Bail Reform Act considers, let alone making the required consideration or findings. As soon as the defendant enters the door, they're called upon to make this decision. From information obtained by the jail officials, are you saying that the only way that the judges could operate constitutionally is after booking, the person is brought, the defendant is brought to the courtroom, appointed counsel before that hearing, and then we have an honest to goodness financial ability to pay discussion? No, Your Honor. There would be nothing unconstitutional with what Your Honor is proposing, but that's not what we're saying here. So I've spoken to what's required at the hearing in court. Prior to the hearing, that general principle that unaffordable money bail is unconstitutional if there's an available adequate alternative, the heightened scrutiny principle, that also applies. Now, as Your Honor is saying, there will likely be a pre-hearing period where it's not possible to a meaningful individualized consideration, figure out, does this person need drug treatment? Is there a good reason for a bond reduction here where I think they're a safe bet? You can't have a hearing like envisioned in Bearden and Dieters. And so that doesn't mean pre-hearing money bail is off the table. That just means the government needs to satisfy heightened scrutiny. For example, if the judges on remand show that the application of secured appearance rates in a way that an alternative couldn't, then they get to keep their pre-hearing money bail orders. And we get to argue, actually, the overwhelming empirical evidence shows that's not the case. So there's a heightened scrutiny standard prior to the hearing. Further questions? Yeah, your last statement. So if on remand you're saying they can say, well, hey, we are the new provisions where we get this information at the pre-hearing stage in the first couple of days. We get this information and we are considering it before we set bail, then that will be sufficient. Or are you saying they're going to have to say, we're not only considering it, but we're also stating our reasons? Well, I think that's a key point. So we squarely plead that they are not considering ability to pay or alternatives, either at the pre-hearing stage or at the pre-hearing stage. Or after. So it's paragraph 55 and paragraph 64 to 65. But I think that's a key point. If they were satisfying the statutes, there would still be a constitutional problem. The statutes do not guarantee or forbid a constitutionally adequate bail hearing in court, let alone with assistance of counsel. We are talking about an adverse- You just said you're not talking, you're not challenging the statutes. I'm trying to explain that now. So- You're kind of losing me again. Okay, Your Honor. I'm trying to say, because Your Honor is asking, if they consider ability to pay and alternatives at that pre-hearing stage, would that satisfy the constitution? And would it satisfy the constitution? Yeah, I guess. You're saying you're not challenging the statutes themselves? That's correct. So I don't think the statute is relevant. But if they were following the statute, that would not satisfy the constitution. Partly because there's the serious problems about what's happening in court at the hearings. And then because you need to satisfy heightened scrutiny for the pre-hearing money bail orders, because you can't conduct a Bearden-style, Dieter-style hearing at that stage by definition. But the Equal Protection Clause and the Due Process Clause don't turn off. This is still a deprivation of a fundamental right for a prolonged period. We're talking about up to six days prior to the initial appearance. And another issue in this case is whether that's untimely. But there's still a deprivation of the fundamental right to pretrial liberty with devastating harms day by day. And if it doesn't satisfy heightened scrutiny, it's still what the Bearden line of cases calls discriminatory jailing. So they just need to show it satisfies heightened scrutiny. If they consider ability to pay, if they consider the limited information that section 202 contemplates, that doesn't satisfy heightened scrutiny. Unless they can show that the money bail order does some good, so to speak. I see I'm past time. Thank you. You might set the record today with 19 minutes. And I intend to give you one minute and hold you to it for rebuttal. And that means, counsel, that you get some extension here yourself, if you need it. As we always say, you don't have to take it. May it please the court. Sarah Goldberg on behalf of the judges. When a defendant is arrested in Utah without a warrant, the magistrate receives a probable cause affidavit from the arresting officer, information from the jail about a defendant's financial circumstances, and, if available, a pretrial risk assessment. Usually within 24 hours, the magistrate makes a judicial determination of whether there was probable cause for the arrest and an initial bail determination. Charges against the defendant are filed by information, usually after this initial decision. Within seven days after arrest, the defendant appears at an initial appearance where the judge informs the defendant of the charges against him and enters a pretrial status order addressing bail. For indigent defendants, counsel is appointed at this time and a defendant can postpone the initial appearance and the pretrial status order for up to seven days to consult with counsel and to be prepared to address pretrial release. After the judge issues a pretrial status order, a defendant who alleges he cannot afford the amount of bail may challenge that order at any time with the assistance of counsel and enjoys a rebuttable presumption that he cannot pay. He's also entitled to an expedited appeal of that decision. The district court correctly held that none of these procedures violate the Constitution. All of those are statutory and rules. That's not practice. That's what's in the books. Correct. That's what's in the Utah Rules of Criminal Procedure and the 7720 line of statutes. And I think your honors, I think, are correct when you're questioning counsel about whether Utah's rules and statutes apply. Based on the procedural posture of this case, the only live claims are the claims on behalf of the class for prospective declaratory relief. Now, as we discussed, the law changed in the middle of this case and plaintiffs amended their complaint to add a single plaintiff after the change in the law to avoid a mootness question for the judge's policies and practices. Because you can't assume that once the law changed that the judges aren't following that law. And if we're just to consider the policies and practices and not the HB 2003 changes that require the jail to collect the financial information and forward it to the magistrate, there are a couple of standing problems. So, excuse me, the one plaintiff that was added after the change in the law, Denise Byerly, she doesn't allege that she wasn't asked about her financial circumstances. She doesn't allege anything about what happened at her initial appearance, and that's one of the changes in the law that the judges required to revisit the bail order at the initial appearance. And at the record pages 463 to 65 show two separate bail orders, one for the initial bail determination and one at the initial appearance. And the record also shows that for Ms. Byerly that she had counsel at her initial appearance. That's at 464 to 65 were the minutes from that initial appearance. There's also a redressability problem. Judge Allen was the one who issued Ms. Byerly's initial bail determination. She's no longer a district, a state district court judge. She's on the federal bench now. I know there's, I think everyone agrees that she should be dismissed. There's some disagreement about whether her successor should be appointed. But you can't just, again, if we're looking at policies and procedures, you can't just assume that her successor is not going to comply with laws. So this court should do like other courts have done and look at the revised laws in considering this case. Counsel, do you agree that the district court's opinion didn't consider the practices of the individual judge their conduct in this case? I think the district court looked at what Utah law requires, so the rules and the statutes. So I'm going to take that as a yes, you agree with me. So if that's true, and we liberally construe the plaintiff's complaint to be challenging the judge's conduct and actions, wouldn't the best course of action to be to remand the matter and let the district court consider those claims? I think it would be a mistake to construe the complaint that way. I don't see any allegations in the complaint saying that the judges don't follow the current Utah law. I don't see any well-pled facts there. I mean, post-amendment. Post-amendment, that's correct. And I think I went back and read Iqbal the other day, took a trip down memory lane. And I think especially for 1983 cases, I mean, they said you can't just attribute policies and practices to a specific individual without individualized allegations. And all we have here is defendants do not consider this information. And especially when you consider the procedural posture with the amendment. And we attach their motion to amend where they say that they amended to avoid the mootness problem. And the only additions were the new plaintiff. I think you have to take that into account too. So really, this is you're arguing mootness? No, I take their point that they are arguing for that due process and equal protection require a little bit more than the statutes require. But most of what they're asking for in the complaint, I think the statutes and rules now cover.  But I think all that's left is really the findings on the record. But if their claims are that the judges aren't complying with their statutory obligations, isn't that different? That would be different, but I don't think there's an allegation in the complaint that says that. So then they wouldn't be precluded from filing a new lawsuit that does allege that in your mind. You wouldn't be showing up in court then and arguing claim preclusion, would you? I don't think so. Well, it is or it isn't. I don't want to hamstring my colleagues later on. But I do not see an allegation in the complaint that the judges do not comply with Utah law. I think that would be a different complaint too. I think that would be a state court complaint or it would be a challenge to an individual's bail order that, hey, the judge didn't follow the law in my case. And there are procedures in place under Utah law for doing that. Moving on, I guess, to the merits of the issue of the case, I think your Honor's really hit on it. I'm trying to figure out what the real claims in the complaint are. To me, the complaint appears to be really focused on the initial bail determination. I know counsel is talking more about the initial appearance up here. But if you're looking at the actual claims in the complaint, I mean, they do have some say that there is no separate bail determination at the initial appearance. And really everything that they complained of is what happened for the initial bail determination. And I think the case law is very clear that increased procedures are not required at that stage. I mean, Gerstein says it's really it's not practicable to have that. And I know that was the probable cause context. But if we can't apply that case to the initial bail determination as well, I mean, there's really no point to having the probable cause decision made at the same time. That is also what authorizes a limited amount of pretrial detention. Well, aren't you trying to address that, though? Wasn't Utah trying to address that with the amendment? Because you do now have some financial information at that stage. Probable cause hearing at the initial bail determination and probable cause stage. Yes, they do have that information. But that's what I'm saying. That's sufficient procedures. I mean, that's that's not done in court. No one is present. The prosecutor is not present. Charges haven't been filed at that time. I mean, my understanding is that the judges often do that so that they can happen quickly on the weekends or after hours at home in their pajamas. And what plaintiffs are asking for here is a full-blown adversary hearing within 24 hours. And that's just that's as Gerstein recognized. That's just not something that's possible. And at the initial appearance, then we do have more protections. There's notice, hearing, opportunity to have counsel appointed. And that decision can be delayed, too, if the individual wants more time to consult with counsel or have counsel, their appointed counsel, prepared to address bail. Also, just one other thing about procedural due process. I think I take it that the plaintiffs are making a facial challenge. And so to succeed on that, they would have to show that these procedures are never sufficient to have an adequate decision on bail. They don't allege, though, that even the decisions in their own cases are not correct. They don't say that the judges haven't imposed the least restrictive, reasonably available conditions of release necessary to ensure that they show up for trial. And the record shows at pages 199 to 237, these are things from their criminal dockets, most of these plaintiffs had, in the past two years, multiple instances of failures to appear, violent felonies. Many of them had current charges pending. So I think even for them, there's no allegation that the bail orders were not proper. We're at the motion to dismiss stage here. I mean, the factual record is what it is at this point. That's in the record. The court can take judicial notice of the court filings. They are attached to the briefing on the motion to dismiss. Moving on to substantive due process. There is no fundamental right to be free from pretrial detention. Salerno didn't recognize such a right. It didn't apply strict scrutiny and said that it could not categorically state that pretrial detention offends some principle of justice so rooted in the traditions and conscience of our people to be ranked as fundamental. This court confirmed that in Dawson and Dieters. And just to go further, the court relies, when it's dealt with similar cases dealing with an asserted right to be free from pretrial detention, instead of applying strict scrutiny, it's applied Bell's punishment test. So it did that in Gaylord, Dodds, and Dawson. And while it's true that decision isn't made, those cases didn't deal with the bail decision, they did deal with an asserted right to be free from pretrial detention or some subset. It dealt with, Bell dealt with conditions of confinement. That's entirely distinct. It's correct that Bell dealt with conditions of confinement. But that's what the district court relied on here, right? I was somewhat, somewhat. But the 10th Circuit cases, the Dawson, Gaylord. It looked at whether the conditions resulted in punishment to the detainee, and that's what the district court talked about here. Right, that's correct. But I'm saying that the other 10th Circuit cases, the right asserted was the right to be free from pretrial detention. So I think that's still relevant, even though Bell itself was a conditions of confinement case. And Bell also made clear that financial conditions, that the state has an interest in ensuring that a defendant appears for trial, and the financial conditions are necessary to ensure that in many cases. And at the end of the day, when we're talking about the substantive due process question, I realize that Salerno, there's some debate about what Salerno did and didn't say. But at the end of the day, the burden is on the plaintiffs to show that there's a fundamental right. Why doesn't Salerno, when it says in the pretrial context, liberty is an important and fundamental right? What is that? What else is that? Why doesn't that answer our question? Because in addition... I recognize there's inconsistent statements. That's the thing. Should we choose to take that statement at its word? Why doesn't that just answer the question? Because this court... Isn't pretrial liberty a fundamental right? Why wouldn't it be? Because this court has interpreted Salerno differently, as have many other courts. We have some inconsistencies as well in our case law, but we've also recognized that it's a fundamental right. In the Huang case. Huang and Weber. We have some cases that have said that, and if we go that route, we need to reverse, correct? That case has already been reversed, and I think the statement about Salerno and the fundamental right was in dicta as well. And I think the... It wasn't reversed on that ground. Correct. I'm saying if we go the route, if we take Salerno at its word, there's other statements in Salerno, and it seemed pretty clear parts of Salerno, they were applying a heightened scrutiny for sure. If we just take it at its word, don't we need to dismiss? I mean, reverse the dismissal. I don't think so. And I, again, I disagree that Salerno says that. Let's say we take it to say that. Let's say we do. Then where are we? So if you take Salerno to say that there is a fundamental right to be free from pretrial detention, I mean, that probably is a problem with the substance of due process claim. But again, I disagree with that. And I don't think that plaintiffs have done the work to show that it's so deeply rooted in the nation's history and tradition that it's a fundamental right. All they've done is cited Salerno in cases, some cases that interpret it. And with all of the even 10th Circuit cases that say that it says something different. Didn't the district court also err when it didn't consider the Bearden v. George line of cases on the equal protection claim, the wealth-based classification? I mean, there's a fundamental right question there too, but obviously, is there a suspect class? The district court said no, but it didn't consider that whole line of cases. Certainly, we are talking about wealth-based classifications here. Individuals who can pay, if we take their allegations as true, individuals who can pay bail are walking away. Individuals who can't afford the bail that's imposed without any consideration of their monetary conditions are going to be there for two weeks sometimes. Why isn't that a wealth-based classification? I think there are a couple reasons that the Bearden line of cases doesn't apply. First of all, that only applies when there's a complete deprivation of a right. Well, wasn't there? If it's true, if the allegations are true, that there's no consideration of their financial circumstances, why isn't that a complete deprivation for someone who can't afford bail? That goes back a little bit to, is there a complaint actually alleging the judge's practices or the laws? I get that, yeah. I mean, my first answer would be under the laws that has to be considered, there's not a complete deprivation. The Bearden line of cases only applies when there's a complete deprivation. Here, under current law, there's not a complete deprivation because it does have to be considered. It has to be considered. They have to have some information. It has to be considered. And also, an indigent defendant can challenge their bail and have a rebuttable presumption that they can't pay. And the 11th Circuit in Schultz said that that delay, where they might have to wait, you know, another few days or a week to have that specific determination on their indigency, that was not an equal protection problem. So if your honors have no further questions, I ask that you affirm. Thank you, Counsel. Counsel, I promised you one minute. And I mean one minute. Unless there's a question. Thank you, Your Honor. This Court has never held under Salerno that there's, that this Court has never interpreted Salerno to deny that there's a fundamental right to pretrial liberty. And Judge Moritz are exactly right, that those other cases are talking about the distinct right against pretrial punishment. I think this appropriate concession, that if there's a fundamental right to pretrial liberty, and the second concession, also appropriate, that if there's no consideration of ability to pay, there's a bearding violation, that's dispositive here. So the case needs to be reversed. And I want to talk about the pleading standard. There is no pleading standard. Let me give an extreme hypothetical to illustrate this. If the judges are saying in court, I refuse to consider ability to pay, I will not make any findings on alternatives, I don't care about the Constitution, and we plead that, we have stated a federal claim, whether or not we also cite to some Utah statute. If I could just say one sentence about the assistance of counsel. We plead in paragraphs 58, 59. Typically no lawyer is present at the initial appearance. Sometimes they're physically present after being appointed. But the clients aren't permitted to speak to them before. Yes, Plaintiff Burley is an example of a case where the minutes reflect a lawyer was physically present. That's not the assistance of counsel. The overwhelming majority of courts, to consider the question of whether the adversary evidentiary hearing that partly concerns the criminal allegations, that's deciding the person's liberty, that's an on-the-record proceeding that could seal the accused's fate, depending on what comes out about the criminal allegations that are, of course, informing the detention decision, the overwhelming majority of courts have held that it's, of course, a critical stage under the Sixth Amendment. You do one sentence like I do one sentence. Lots of comments.  Thank you, counsel, both of you for your arguments, very helpful. The case is submitted.